IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JESSIE YORK,                              *

    Plaintiff,                        *

        v.                          *        CIVIL NO.: WDQ-12-1068

STATE OF MARYLAND                         *
DEPARTMENT OF JUVENILE SERVICES *

    Defendant.                        *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

Jessie York sued the Maryland Department of Juvenile

Services ("Department") for violations of Title VII of the Civil

Rights Act of 1964 and the Americans with Disabilities Act

("ADA").  Pending is the Department's motion to dismiss for lack

of subject matter jurisdiction and failure to state a claim.

For the following reasons, the Department's motion will be

granted.

I.    Background[1]

York, an African-American man, was employed in the

Residential Services Unit of the Green Ridge Youth Center.  ECF

---

[1] For the motion to dismiss for failure to state a claim, the
well-pled allegations in the complaint are accepted as true.
*Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In
reviewing the motion to dismiss, the Court may consider
allegations in the complaint, matters of public record, and
documents attached to the motion to dismiss that are integral to
the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l
Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

No. 1 ¶¶ 9-10.  York suffers from documented disabilities, including muscular-skeletal problems and herniated disks, which were known to his supervisors and the Department.  *Id.* at ¶ 12. York requested light duty, but the Department did not provide it.[2]  *Id.* at ¶ 13.  Similarly situated non-African-Americans were provided light duty assignments.  *Id.*  In fall 2006, York's request for a change to his training schedule was denied, but the requests of two non-African-Americans to change training schedules were granted.  *Id.* at ¶¶ 15-16.

On January 5, 2007, York filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination and violations of the ADA.[3]  ECF No. 4-2.  On November 14, 2007, the EEOC issued a right to sue letter.  ECF No. 4-4.  On February 11, 2008, York filed suit in the Circuit Court for Allegany County, Maryland.  ECF No. 4-5 at 2.

On March 25, 2008, the Department terminated York.  ECF No. 1 ¶ 30.  On January 21, 2009, the Department sent a letter to York's then-counsel stating that it would toll the period for York to sue on his then-filed claims for three years from the date of termination so that those claims could be consolidated

---

[2] York has not indicated when this occurred.

[3] Although York checked the box for retaliation on the charge based on his prior internal complaint to the Department, he has not since alleged retaliation in either of his civil suits.  *See* ECF No. 4-2; *cf.* ECF Nos. 1 ¶¶ 19-23; 4-5.

with claims relating to the termination.  ECF No. 5-1.  This tolling was contingent on York dismissing the circuit court case.  *Id.*  On January 23, 2009, York voluntarily dismissed the case.  ECF No. 4-5 at 4.

On March 18, 2010, York filed an EEOC charge that the Department had terminated him in retaliation for his earlier charge.[4]  ECF No. 4-6.  On January 19, 2012, the EEOC issued a right to sue letter.  ECF No. 4-8.

On April 6, 2012, York sued the Department alleging (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964,[5] (2) violation of the ADA,[6] and (3) retaliation in violation of Title VII.  ECF No. 1.  On May 1, 2012, the Department moved to dismiss the complaint, arguing that it was immune to the ADA suit under the Eleventh Amendment to the United States Constitution, and that the Title VII claims were untimely, attaching York's charges and right to sue letters.  *See* ECF No. 4.  On May 18, 2012, York opposed the

---

[4] York did not allege racial discrimination in this charge.  *See* ECF No. 4-6.

[5] 42 U.S.C. §§ 2000e *et seq.*

[6] York has not alleged which title of the ADA was violated.  From the alleged facts it is likely that the cause of action is under Title I, 42 U.S.C. §§ 12111 *et seq.*, which governs employment.  *See* ECF No. 1 ¶ 25-26 (describing discrimination in employment connected with York's disability).

motion and included the Department's January 21, 2009 letter.
ECF No. 5.   On June 4, 2012, the Department replied.

II.   Analysis

A.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).   Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).   These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (*quoting Twombly*, 550 U.S. at 557).  The complaint must

not only allege but also "show" that the plaintiff is entitled

to relief.  *Id.* at 679 (internal quotation marks omitted).

"Whe[n] the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has

alleged—but it has not shown—that the pleader is entitled to

relief."  *Id.* (internal quotation marks and alteration omitted).

      B.    Eleventh Amendment Immunity on ADA Claim

The Department asserts that the Eleventh Amendment bars

York's ADA claim because Congress has not abrogated its

immunity.  ECF No. 4-1 at 4-5.  York has not responded to this

argument.  *See* ECF No. 5.

The Eleventh Amendment generally prohibits private suits in

federal court against states and their agencies unless the state

has consented to the suit or Congress has abrogated the States'

immunity.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

89, 99-100 (1984).  Congress has not abrogated Eleventh

Amendment immunity for private enforcement suits under Title I

of the ADA.  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S.

356, 374 (2001).  The Department is immune to York's ADA claim,

which will be dismissed.

C.   Timeliness of Filing Suit after the 2007

Discrimination Charge

The Department asserts that York did not file suit within the required 90 day period after receiving his right to sue letter. ECF No. 4-1 at 9-11. York argues that the Department's letter and the EEOC's lengthy review process of his other, retaliation, charge tolled the period for filing suit; he also appears to seek equitable tolling. ECF No. 5 at 4. The Department counters that York filed after the tolled period. ECF No. 6 at 2.

The January 21, 2009 letter tolled the filing deadline for three years after York's termination, giving him until March 25, 2011 to file suit on the discrimination claim with the expectation that the termination claim could be brought in the same suit.[7] *See* ECF No. 5-1. As he had already received his right to sue letter, York could have filed suit on the discrimination claim even without the retaliation charge, which the EEOC was still evaluating. Nevertheless, York did not meet the March 25, 2011 deadline.

---

[7] Typically, the claimant must file suit within 90 days of receiving the right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Failure to file timely does not deprive the Court of jurisdiction. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982).

York appears to argue for equitable tolling to extend this time because he was issued a right to sue letter for the retaliation claim on January 19, 2012, nearly two years after his charge.  See ECF Nos. 5 at 4; 4-6, 4-8; see also Zipes, 455 U.S. at 398 (holding that equitable tolling is available in Title VII cases).  "[E]quitable tolling is available only in those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (internal quotation marks omitted).  "Equitable tolling is not appropriate, however, whe[n] the claimant failed to exercise due diligence in preserving his legal rights."  Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (internal quotation marks omitted).

Here, York has not diligently preserved his legal rights. The Department agreed to a defined tolling period for the discrimination claim.  See ECF No. 5-1.  York did not comply with the deadline.  The letter cited efficiency as the reason for the tolling, presumably so the allegations of discrimination and retaliation could be consolidated in the same case.  See id.

Although the EEOC process for the retaliation charge did last a significant amount of time, efficiency did not override the established deadline for the discrimination claim.  He could

7

have timely filed the discrimination claim and then amended the complaint to include the retaliation claim after the end of the administrative process.[8]  He also may have been able to sue for retaliation without pursuing an administrative claim.  *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 304 (4th Cir. 2009). Further, there is no evidence that York contacted the EEOC to obtain a right to sue letter on the retaliation charge when he knew of the impending deadline for the discrimination claim.[9]

York knew of the deadline to file suit on his discrimination claim, and he has not presented evidence that the Department agreed to further tolling.  As York is not entitled to equitable tolling, his suit is untimely.

D.    Timeliness of Filing the 2010 Retaliation Charge

The Department argues that York did not file his retaliation charge with the EEOC within the statutory 300 day

---

[8] *See Spellman v. Seymour Tubing, Inc.*, No. 4:06-cv-0013-DFH-WGH, 2007 WL 1141961, at *1-4 (S.D. Ind. Apr. 12, 2007).  Without the tolling agreement, York would have had to amend his complaint to include both claims as he was terminated more than 90 days after he received the right to sue letter for the discrimination charge.  *See* ECF Nos. 1 ¶ 30, 4-4.

[9] *See Madden v. Value Place Prop. Mgmt., LLC*, No. 1:12cv21, 2012 WL 3960416, at *5-6 (N.D. Ind. Sept. 7, 2012) (granting partial summary judgment for defendant on untimeliness grounds because plaintiff failed to use due diligence in following up with the EEOC); *see also Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 474 (2d Cir. 1999) (excusing lack of right to sue letter because plaintiff diligently sought one).

limit.   ECF No. 4-1 at 11-12.   York asserts that the Department tolled the limitations period.   ECF No. 5 at 4.

A claimant in Maryland, a deferral state,[10] must file a discrimination charge with the EEOC within 300 days after the allegedly unlawful employment practice.   See 42 U.S.C. § 2000e-5 (e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004).

The Department's January 21, 2009 letter "agreed to toll the statute of limitations on all the claims *currently filed*" until three years after York's termination to allow him to consolidate the discrimination and retaliation claims.   ECF No. 5-1 (emphasis added).   At that time, York was not asserting retaliation, so such a claim was not within the scope of the tolling agreement.   Although York was fired on March 25, 2008, he did not file his charge of retaliation with the EEOC until March 18, 2010.   ECF No. 4-6.   This is more than 300 days after the alleged retaliation.[11]   York therefore may not bring this claim.   *See Williams*, 370 F.3d at 428.

---

[10] Deferral states have "a State or local agency with authority to grant or seek relief from [unlawful employment] practice[s] or to institute criminal proceedings with respect thereto."   42 U.S.C. § 2000e-5(e)(1).   Maryland's agency is the Maryland Commission on Human Relations.   *Prelich v. Med. Res.*, 813 F. Supp. 2d 654, 661 (D. Md. 2011).

[11] In his opposition, York alludes to, but does not develop, the proposition that his termination was related to discrimination EEOC charge.   *See* ECF No. 5 at 3.   He has not made this

9

III. Conclusion

For the reasons stated above, the Department's motion to dismiss will be granted.

_12/3/12_
Date

_[signature]_
William D. Quarles, Jr.
United States District Judge

---

allegation in his complaint.  *Cf.* ECF No. 1 ¶¶ 29-32.  To the extent that York may not have been required to file a separate charge for the retaliation, *see Jones*, 551 F.3d at 304, the suit is still barred because the suit for the discrimination claim is untimely.